IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GREAT LAKES REINSURANCE (UK) PLC,<br><br>　　　　Plaintiff<br><br>　　　　　v.<br><br>HIRAM ACEVEDO, et al.,<br><br>　　　　Defendants | CIVIL NO. 08-2228 (JP) |

**DEFAULT JUDGMENT**

　　　The Court has before it Plaintiff Great Lakes Reinsurance (UK) PLC's ("GLR") motion for default judgment against *in rem* Defendant M/V Orion, HIN FGBA0347H203, U.S. Coast Guard vessel identification number 1141787 ("M/V Orion") (**No. 26**).  The motion is **GRANTED**.

　　　Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court against *in rem* Defendant M/V Orion on May 27, 2009 (No. 6) for failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default.

　　　Plaintiff GLR filed a complaint in the instant action on October 27, 2008, naming M/V Orion as an *in rem* Defendant (No. 1). On November 25, 2008, Plaintiff filed proof of having executed service upon Defendant M/V Orion through its owner, Defendant Hiram Acevedo (No. 6).  To date, no answer or other pleading has been filed

CIVIL NO. 08-2228 (JP)        -2-

on behalf of Defendant M/V Orion.[1]  Plaintiff first moved for entry of default as to Defendant M/V Orion on December 12, 2008 (No. 9), but said motion was denied (No. 11) for failure to comply with the notice requirements of Local Admiralty Rule C(3).  On May 27, 2009, Plaintiff filed a second motion for entry of default (No. 24), supported by evidence of having complied with the Rule C(3) notice requirements.  Specifically, Plaintiff's motion was accompanied by an affidavit stating that Plaintiff had caused the notice of arrest of the vessel to be published in accordance with Rule C(3)(a)(1).  Accordingly, the Clerk of Court entered default as to *in rem* Defendant M/V Orion on May 27, 2009.

Plaintiff's complaint alleges a cause of action for foreclosure of a maritime mortgage owned by Plaintiff GLR as a result of an assignment by the original mortgagee, Popular Auto, Inc.  Pursuant to said mortgage, Defendant Hiram Acevedo executed a promissory note agreeing to pay a total of $88,189.00, plus interest of 8.45% annually (No. 1, Ex. 6).[2]  The preferred mortgage was recorded with the National Vessel Documentation Center on June 26, 2006, under batch 528113, document I.D. 5964923 (No. 1, Ex. 8).  Plaintiff

---

1. Defendant Hiram Acevedo has filed an answer to the complaint on his own behalf (No. 8), but has not filed any pleading on behalf of *in rem* Defendant M/V Orion.

2. Defendant Hiram Acevedo originally executed the promissory note and first preferred mortgage in favor of Popular Auto, Inc., on June 26, 2006. (No. 1, Exs. 6-7).  On March 28, 2008, Popular Auto, Inc. assigned its rights under the preferred mortgage to the remaining $87,590.31 in principal, plus interest and fees, to Plaintiff GLR (No. 1 Ex. 9).

CIVIL NO. 08-2228 (JP)		-3-

alleges that Defendant Hiram Acevedo has failed to comply with the terms of the mortgage.  Pursuant to 46 U.S.C. section 31325,

> (a) A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel.
>
> (b) On default of any term of the preferred mortgage, the mortgagee may--
>
>> (1) enforce the preferred mortgage lien in a civil action in rem for a documented vessel . . .

In light of Plaintiff's allegations, and *in rem* Defendant M/V Orion's failure to answer or otherwise appear,

**IT IS HEREBY ORDERED** that Judgment by default is entered in favor of Plaintiff GLR, against *in rem* Defendant M/V Orion, in the amount of **$87,590.31** in principal, plus interest, late charges, attorneys fees, and collection expenses in accordance with the terms of the promissory note (No. 1, Ex. 6) and preferred mortgage (No. 1, Ex. 7).

**IT IS FURTHER ORDERED** that the Defendant vessel M/V Orion be condemned and sold to pay the sums stated above, pursuant to Local Admiralty Rule E(13), and that Plaintiff shall be permitted to bid the full extent of its Judgment at said judicial sale.  The instant action shall proceed as to Defendant Hiram Acevedo.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of June, 2009.

					s/Jaime Pieras, Jr.
					JAIME PIERAS, JR.
					U.S. SENIOR DISTRICT JUDGE